# THE COMMERCIAL NATIONAL BANK OF OGDEN, RESPONDENT, *v.* UNITED STATES SAVINGS, LOAN AND BUILDING COMPANY. ET AL., APPELLANTS.

## APPEAL—PRACTICE—NECESSARY PARTIES.

1. In an action to quiet title to certain real estate, defendant filed a cross complaint, and asked that certain other parties be made co-defendants in the action, which was accordingly done. The court found that plaintiff was the owner of the land mentioned in the complaint. On an appeal to the supreme court, defendant served notice on the plaintiff, but not on the co-defendants. A motion to dismiss the appeal was granted, the court holding that section 3636, Comp. Laws Utah 1888, required notice to be served on the co-defendants; that the term "adverse party" meant every person whose interests required that the order or judgment or decree appealed from be sustained, and that every such person must be served with notice of appeal, regardless of whether he appeared as one of the original parties to the action, or was brought in by order of the court.

2. Any aggrieved party may appeal from the whole or any specific part of a judgment, but in order to maintain his appeal he must serve notice on all persons who are interested in opposing the relief which he seeks; and a person who has once appeared in the action is a necessary party to the appeal, unless, after his appearance, he has ceased to have an interest in such action.

(No. 610.   Decided March 28, 1896.   44 P. R. 1043.)

Appeal from the district court of the Third judicial district, Territory of Utah.   Hon. H. W. Smith, *Judge.*

Action by the Commercial National Bank of Ogden against the United States Savings, Loan and Building

Company and others, to quiet title to certain real estate. Certain parties being made co-defendants on request of defendants, and judgment having been rendered against defendants, the latter appealed without having served notice of appeal on the co-defendants. By reason of this failure to give said notice, the respondent moved the appellate court to dismiss said appeal. *Motion sustained.*

*Richards & Macmillan* and *A. E. Pratt,* for appellant.

We concede the rule which requires the service of notice of appeal on the adverse party, whether plaintiff or co-defendant, or his attorney. Also that such service must affirmatively appear of record. The point of difference between us and the respondent, however, is as to the meaning of the term "adverse party" and its application as used in section 829 of the code, which provides how appeals shall be taken.

We think the term "adverse party" is correctly defined in the case of *Moody* v. *Miller*, 33 P. R. 402; cited by Mr. Heywood for the respondent, and the rule as stated by the court in that case is correctly applied. It is there said "that an 'adverse party' within the meaning of the provisions of the statute, upon whom notice of appeal must be served, is evidently every party whose interests, in relation to the judgment or decree appealed from, is in conflict with the modification or reversal sought by the appeal."

That case cites a number of authorities showing the application of the rule therein announced, which we find pleasure in citing hereafter in this brief.

But we are not seeking to recover a greater judgment against the defendants Orton and Lundy, who are not served with notice of appeal, and we ask no modification of the decree of the lower court, which will in any manner affect their interests prejudicially or otherwise, except

probably to decrease the deficiency judgment which may be docketed against them, and perhaps to wipe it out altogether.

In support of our position on this appeal we invite the court's attention to the following cases:

That this appeal is a distinct proceeding. *Shirley* v. *Burch* (Or.), P. R. 350.

Defendants Orton and Lundy were not necessary parties to this appeal. *Bennett* v. *Minott* (Or.), 39 P. R. 997, and cases there cited, among which is the case of *U. S.* v. *Church,* 5 Utah 546.

It is true that Chief Justice Zane dissented from the opinion rendered by the court in the latter case, but not, as we under stand it, upon the principle announced by the court, but its application to the facts in the case.

In line with the rule as announced in *Moody* v. *Miller,* cited by respondent, we now cite the following cases, in which the same rule is applied to particular facts, and motion to dismiss denied: *Randall* v. *Hunter et al.,* 69 Cal. 80; *Miller* v. *Thomas et al.* (Cal.), 12 P. R. 432; *Miller* v. *Rea et al.* (Cal.), 12 P. R. 431; *Essency* v. *Essency et al.* (Wash.), 38 p. 1130; *Boob* v. *Hall,* 40 P. R. 117; *Mutual Life Ins. Co.* v. *Fisher,* 39 P. R. 758; *Greene* v. *Berge et al.* 105 Cal. 52; *Seattle & M. Ry. Co.* v. *Johnson et al.* (Wash), 34 P. R. 567; *Polk* v. *Covell et al.* (Neb.), 62 N. W. 240; *Kellogg* v. *Colby* (Iowa), 49 N. W. 1001.

In the last case cited (*Kellogg* v. *Colby*) the court said: "Where there is a failure to serve such notice (notice of appeal) on all the co-parties, this court has jurisdiction to determine such questions as affect only the appellant and the adverse party." See also *Moore* v. *Held et al.* (Iowa), 35 N. W. 623; *Wright* v. *Mahaffey* (Iowa), 40 N. W. 113.

Defendants Orton and Lundy are interested in obtaining the relief asked by the appellant. They are, therefore, not adverse parties in the sense intended by the stat-

ute. *Lillienthal* v. *Carivita* (Or.), **P. R.** *280*; *Foley* v. *Bullard* Cal. 99, 516.

"Where action has been decided as to some of the parties and their claims paid, they are not parties to a judgment afterwards rendered therein disposing of the claims of the remaining partes, and are not entitled to notice of appeal from such judgment." This applies particularly to the other defendants in the action in the court below. *Doyle* v. *McLeod*, 31 P. R. 96.

The interest of Weber county and Ogden City had determined. (Abstract, p. 31.)

Finally, we desire to notice the case of *Davis* v. *Mercantile Trust Co.*, 152 U. S. 590, cited by respondent. We think the rule was properly applied in that case, but we do not understand it to be in conflict with the rule as stated in the cases above cited. It is true the court there uses the following language:

"At any rate, the setting aside of one sale, and the ordering of another, may affect *prejudicially or beneficially* his interests (referring to the mortgagor not served) and because of that he has a right to be heard on the question of setting it aside."

If the court meant that where it appears that a party's interest will be beneficially affected, he is still a necessary party to the appeal and is entitled to notice, we say, with all due respect to that court, which has for so long a time determined the law of Utah Territory, that it is in conflict with the weight of authority, if, indeed, a decision can be found upholding that doctrine, and should not be the law of the State of Utah, whose courts can now accept or reject the ruling of that court as it appears to them to be supported by law or otherwise.

But we do not understand the United States supreme court to go to that extent. The language quoted simply means the probability of the setting aside of one sale and

the ordering of another affecting prejudicially the interests of the mortgagor who had received no notice of the appeal. That is to say, if setting aside one sale and ordering another would affect him *prejudicially or beneficially*, the probability is that it would affect his interests prejudicially, the fact could not be determined before the sale, and for that reason the mortgagor, in that case, was held to be a necessary party to the appeal.

*A. R. Heywood*, for respondent.

It is submitted to the court that the appeal herein ought to be dismissed (and respondent moves the court to dismiss the appeal herein), the appealing defendant having failed to serve notice of appeal on any of its co-defendants, and also on any of the parties brought into the case by its cross-complaint, and in support of this view the court's consideration is asked of the following authorities: 3 Deering, sec. 940 and note; *Adams* v. *McPherson*, 34 P. R. 1095; *Traders' Bank* v. *Tacoma et al.*, 32 P. R. 744; *Moody* v. *Miller*, 33 P. R. 402; *Davis* v. *Trust Co.*, 152 U. S. 590.

These authorities very forcibly apply to defendants, Orton and Lundy.

BARTCH, J.:

This action was brought against Ogden City, Achilles Perrin, as probate judge of Weber county, Utah, and the appellant, to quiet title to certain land, part of which is described in the complaint as "lots 1, 5, and 9 in block 2" of a certain subdivision in Ogden City. The appellant, after admittng its own corporate existence, and that of Ogden city and Weber county, denies the other material allegations of the complaint, and then, asserting its own claim to the land in question, it avers that it holds a valid and totally unsatisfied mortgage upon said premises, and

13 UTAH—13

by way of cross complaint alleges, among other things, that it is a corporation organized and existing under and by virtue of the laws of the State of Minnesota, for the purpose of accumulating and loaning money; that one Lester B. Orton made, executed, and delivered to it his certain promissory note in the sum of $1,500 on June 30, 1891; that said Orton and Mattie Orton, his wife, to secure the payment of said note, with interest thereon, made, executed, and delivered to the appellant the said mortgage, in which was described lots 5 and 6 in block 2, above mentioned; that the said sum, with interest thereon, so secured, is due and unpaid; that on May 29, 1891, said Lester B. Orton subscribed for and became the owner and holder of 30 shares of the capital stock of the defendant, appellant herein, and on July 8, 1891, sold, assigned, and transferred absolutely to said defendant, 15 shares of said stock, and on the same day assigned and transferred to it the remaining 15 shares of his stock as collateral security for the payment of said note; that by the terms of the subscription to the stock, and of the assignment thereof, Orton agreed to pay to said defendant 60 cents monthly for each share until the same should mature or be withdrawn, together with all fines which might accrue thereon; that the stock had neither matured nor been withdrawn; that on November 11, 1893, said Orton, with the consent of said defendant, and with notice of said agreement, sold and assigned the stock to one Hilda Lundy, who agreed to comply with the rules and regulations of the said defendant; that between the 29th of May, 1891, and the 30th of September, 1894, said Orton and assigns and the plaintiff paid $720 dues on the stock, but $79.50 fines, which accrued during that time, have not been paid; that no payments of dues on the stock have been made for the months of October and November, 1894, and the same are delinquent and unpaid; that said Orton

and Lundy and their assigns failed to keep the premises insured and to pay the taxes for 1894 thereon, as per their agreement; that by reason of the nonpayment of the interest as it became due, assessments on the stock, fines levied thereon, and of the failure to keep the premises insured, there is due and unpaid on said note and mortgage the sum of $1,617.38 and $150 attorney's fee; that plaintiff claims some interest in the premises, or some part thereof, as purchaser, mortgagor, judgment creditor, or otherwise, which interest or claim is subsequent and subject to the lien of said defendant; and that by the terms of the mortgage said Lester B. Orton, and his assigns, agreed to pay a reasonable attorney's fee, in case of foreclosure, and $150 is a reasonable fee. The prayer for judgment is that Lester B. Orton, Mattie Orton, and Hilda Lundy, be made parties defendant; that plaintiff take nothing by its action; that defendant, appellant herein, have judgment against Lester B. Orton and Hilda Lundy for $1,614.58, principal and interest, $2.80 taxes, with interest on said sums, and for costs, and $150 attorney's fee; that the usual decree be made for the sale of said premises; and that said defendant have a deficiency judgment against Lester B. Orton and Hilda Lundy in case the proceeds of sale do not satisfy the judgment. On November 30, 1894, the court, in conformity with the prayer in the cross complaint, declared Lester B. Orton and Hilda Lundy proper and necessary parties to the action, and ordered them brought in. Afterwards Lester B. Orton, Mattie Orton and Hilda Lundy entered their appearance in the case, but it does not appear that they filed an answer. It is shown by the record that the land described in the Orton mortgage consists of lots 5 and 6, block 2, in a certain subdivision in Ogden City, and that said lot 5 is a portion of the land described in the plaintiff's complaint. After the trial of the cause the

court found, among other facts, substantially that the plaintiff was the owner and in the possession of the land described in his complaint; that Lester B. Orton and Hilda Lundy and their assigns had failed to comply with the terms of the agreement in the mortgage; and that there was due from said Orton and Lundy to the defendant United States Savings, Loan & Building Company the sum of $369 on said note and mortgage. The court then entered its decree to the effect that the plaintiff is the owner of all the land mentioned in its complaint, including said lot 5; that none of said defendants have any interest therein, or title of any kind to said land; and that the defendant, appellant herein, have and recover from said Orton and Lundy, the sum of $369, with interest thereon at 6 per cent per annum from date until paid, and ordered said lot 6, described in the mortgage, to be sold, and the proceeds applied in payment of said sum, and that the defendants Orton and Lundy pay any deficiency which may remain after a proper application of the proceeds of sale. A motion for a new trial was made by the defendant United States Savings, Loan & Building Company, which motion was overruled, and thereupon said company, without being joined by any of the other defendants, appealed to this court from the order denying a new trial, and from the judgment and decree, and served notce thereof upon the plaintiff, but not upon any of its co-defendants.

On the record thus at considerable length referred to, the respondent challenges the standing of the appellant in this court by motion to dismiss the appeal on the ground that it failed to serve notice of appeal on any of its co-defendants, or on any of the parties brought into the case by its cross complaint. The proposition contended for is that all the co-defendants are adverse parties, and that the appellant was bound to serve each of them with

notice as provided in section 3636, Comp. Laws Utah, 1888, which, so far as material here reads as follows: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorneys." The term "adverse party" means every person whose interests require that the order or judgment or decree appealed from be sustained, and every such party must be served with notice of appeal. This is so regardless of whether he appeared as one of the original parties to the action or was brought in by order of the court. At common law it was obligatory to make all persons whose interests would be affected by a reversal or modification of the judgment or decree parties to the appeal, and have them brought into court. This statute does not abrogate the common-law rule, but simply provides a different method of making persons whose interests are in conflict with such reversal or modificaton parties to the appeal. The language in question has received like interpretation in other states under similar statutes. *Senter* v. *De Bernal*, 38 Cal. 637; *Thompson* v. *Ellsworth*, 1 Barb. Ch. 627; *Moody* v. *Miller*, 24 Or. 179, 33 Pac. 402; *Cotes* v. *Carroll*, 28 How. Prac. 436.

Counsel for the appellant insist, however, that the co-defendants in this case are not adverse parties, and do not come within the rule above stated. In their brief, in reply to the respondent, they say: "But we are not seeking to recover a greater judgment against the defendants Oton and Lundy, who are not served with notice of appeal, and we ask no modification of the decree of the lower court which will in any manner affect their interests, prejudicially or otherwise, except probably to decrease the deficiency judgment which may be docketed against them, and perhaps to wipe it out altogether."

This proposition is not tenable, in view of their position assumed in the cross complaint, as will be noticed from the facts stated therefrom. Nor do the findings of fact, or any portion of the record, or the position assumed in their original brief, which is in sharp conflict with the language above quoted, sustain it. The great burden of counsel's argument in their original brief was to the effect that the amount due by the terms of the note and mortgage from Orton and Lundy was $1,617.83, and that, after deducting the proper credits, there still remained due "to the appellant from Orton and Lundy the sum of $1,243.43." The judgment complained of was for $369, against the same parties. The record shows that all through the trial the main controversy was as to the amount of the judgment to which the appellant was entitled, and the appeal is from the entire judgment.

Whether or not the court erred in excluding lot 5 from the mortgage, as is contended by counsel for the appellant, how can it be said that the appellant is not seeking a greater judgment against Orton and Lundy, and that they are not, under the circumstances of this case, adverse parties? The fact that they were made parties by order of court is immaterial. Nor, under the circumstances disclosed by the record, is the fact that they did not answer material. They are both necessary parties to the suit, and liable for a deficiency judgment, and are interested in the judgment which it is sought to reverse, and therefore common justice requires that no change or modification of the same shall be made, or new trial granted, without giving them an opportunity to be heard. All the co-defendants whose interests would be injuriously affected by a reversal or modification of the judgment were entitled to be heard in the appellate court, and a failure to serve notice on any one of them is fatal to the appeal. The appeal is not taken from any specific

part of the judgment, but from the whole thereof, and in such case no appeal is effective, unless all the parties to the judgment are made parties to the appeal.

It is obvious that to reverse the final judgment and grant the appellant a new trial would be to overturn all the proceedings, and leave the parties in the same situation as though the case had never been tried. No one could know what the ultimate result would be, and it will not be presumed that co-defendants, who have not been served with notice of appeal, have no interests in the judgment, which would be in conflict with a reversal. Any aggrieved party may, without joining anyone else, regardless of the character of the judgment against him, appeal from the whole or any specific part thereof; but in order to maintain his appeal he must serve notice on all other persons who are interested in opposing the relief which he seeks, and a person who has once appeared in an action is a necessary party to the appeal, unless, after his appearance, he has ceased to have an interest in such action. *Davis* v. *Trust Co.*, 152 U. S. 590, 14 Sup. Ct. 693; *O'Kane* v. *Daly*, 63 Cal. 317; *Casey* v. *Oakes* (Wash.), 42 Pac. 621; *Adams* v. *McPherson* (Idaho), 34 Pac. 1095; *Whipley* v. *Mills*, 9 Cal. 641; *Hughes* v. *Miller* (Kan. Sup.), 42 Pac. 696; *Bank* v. *Bokien*, 5 Wash. 777, 32 Pac. 744. We think the appellant failed to notify all the adverse parties in this case, and that such failure is fatal to its appeal. The motion to dismiss is sustained.

ZANE, C. J., and MINER, J., concur.