NELLIE T. RACHE, RESPONDENT, *v.* W. B. STANLEY ET AL., APPELLANTS.

APPEAL—NOTICE—ADVERSE PARTY.

Plaintiff obtained a judgment by default on foreclosure of a mortgage on realty against S. as receiver of a partnership and T. as administratrix. The money for which the mortgage had been given was received and used by the partnership, and the land mortgaged was partnership land. The administratrix was the wife of one of the partners, and a deficiency judgment was entered against her. Upon appeal the administratrix failed to serve notice on S., the receiver. *Held,* that S. was an adverse party under section 3636 Comp. Laws 1888, and that the failure to serve him with notice was fatal to the appeal.

Appeal from the Fifth district court. Hon. E. V. Higgins, *Judge.*

Action by Nellie T. Rache against W. B. Stanley, as receiver of the partnership of Thompson Bros., and Sarah S. Thompson, as administratrix of the estate of E. W. Thompson. Judgment for plaintiff. Defendant Thompson appeals. *Dismissed.*

*Jones & Schroeder* and *Booth, Lee & Gray,* for appellant.

*Williams, Van Cott & Sutherland,* for respondent.

BARTCH, J.:

This action was brought against W. B. Stanley, as receiver of the partnership of Thompson Bros., and against the appellants, Sarah S. Thompson, as administratrix of the estate of E. W. Thompson, Jr., and Sarah S. Thompson, as a private person, to foreclose a mortgage executed by E. W. Thompson, Jr., since deceased, to E. W. Thompson, Sr., to secure a promissory note. It is alleged in the complaint that on February 15, 1890, E. W. Thompson, Jr., made and delivered to E. W. Thompson, Sr., a promissory note for $2,000, due in six months after date, and secured the same by mortgage on certain real property; that afterwards, by agreement between the mortgagor and mortgagee, the note was taken up and canceled, and in lieu thereof another note, in the sum of $2,820, was executed and delivered on July 15, 1893, to be secured by the same mortgage which had been executed to secure the first note; that in the year 1881 a partnership was formed between E. W. Thompson, Jr., and E. A. Thompson, for the purpose of carrying on a live-stock business in Utah and Colorado, which partnership was known by the firm name and style of Thompson Bros:; that the land so mortgaged was the property of the part-

nership, although the title thereto, at the time of its purchase with partnership funds, was taken in the individual name of E. W. Thompson; that the money borrowed from the mortgagee was for the use of the partnership, and the debt thereby created was a partnership debt; that the mortgage was given to secure it; that on November 20, 1893, E. W. Thompson, Jr., died, and thereafter his widow, Sarah S. Thompson, was duly appointed administratrix of his estate, and qualified as such, and since has been discharging the duties of the office; that after the death of E. W. Thompson, Jr., the defendant W. B. Stanley was appointed receiver of all the effects and assets of the partnership, and since has been acting as such receiver; that on December 28, 1895, the mortgagee assigned and transferred the note of $2,820, and the mortgage to the plaintiff, who is now the owner thereof; that the plaintiff sued the receiver by permission of the court; that the principal of the note and interest has been demanded, but no part thereof paid; and that the defendants claim some right, title and interest in and to the premises, but the same are subordinate to the mortgage lien. It appears there was no answer filed, but the defendant Sarah S. Thompson filed a general demurrer to the complaint. Afterwards the demurrer was withdrawn, and thereupon a decree was made, and judgment entered by default, in favor of the plaintiff for the principal of the note, interest, and costs. The decree ordered the sale of the mortgaged property, and that, in case there was a deficiency, then judgment should be entered for the amount thereof against the defendant Sarah S. Thompson, as administratrix of the estate of E. W. Thompson, Jr. This appeal from the judgment was prosecuted by defendant Sarah S. Thompson, both in her individual right and in her official capacity.

Under these facts, appearing in the record, the respondent challenges the standing of the appellant in this court by a motion to dismiss the appeal on the ground that the receiver, W. B. Stanley, the co-defendant, was not served with notice of appeal. It is contended by the respondent that the interests of the partnership were affected by the suit, and that, therefore, the receiver was a necessary party thereto, and, after judgment rendered, was entitled to notice of appeal as an adverse party, under section 3636, Comp. Laws Utah, 1888. We think this position is sound. It is apparent from the facts above stated that the receiver was a necessary and proper party to the suit. By allowing a default to be entered, it was admitted, as alleged in the complaint, that the money was borrowed for the use of the partnership, and that the debt secured by the mortgage, and for which the mortgage was foreclosed, was in reality a partnership obligation. The mortgaged property belonged to the partnership. Under these circumstances, it may well be that the receiver was satisfied with the judgment which directed the sale of the property, and relieved the partnership from any deficiency; but this does not indicate that the interests of the partnership would not be affected by a reversal of the judgment, for it would be impossible to know what the result of another trial would be. To reverse the final judgment would be to overturn all the proceedings, and leave the parties in the same position in which they were before the case was tried. The receiver of the partnership of Thompson Bros. was clearly an adverse party, and the failure to serve him with notice is fatal to the appeal. The same question was presented and discussed with some care in the case of *Commercial Nat. Bank* v. *United States Savings, Loan & Building Co.* 13 Utah 189, and on the authority of that case the appeal herein is dismissed.

ZANE, C. J., and MINER, J., concur.