MARY E. STEPHENS and ZYLPHA J. STEPH-
ENS, Respondents, v. SIDNEY STEVENS,
FRANK J. STEVENS and SIDNEY O. STEV-
ENS, Appellants, and SOLOMON C. STEPHENS,
WILLIAM J. STEPHENS and DAVID KAY,
Defendants.

### No. 1491.   (75 Pac. 619.)

**Appeal: Notice: Service: Adverse Parties.**

> An action to enforce a stock subscription was brought against
> three defendants, who prayed that three others be made
> parties. Their prayer was granted, two of the added par-
> ties appearing and answering, and the others defaulting.
> A judgment was entered for plaintiffs in which it was pro-
> vided that, if any of the defendants should be compelled
> to pay a sum in excess of their pro rata share as shown
> by the findings of fact and conclusions of law, judgment
> would be entered against the other defendants for such ex-
> cess on application to the court. A new trial was denied,
> and the three original defendants appealed. *Held*, that the
> added defendants were adverse parties within the meaning
> of Revised Statutes 1898, section 3305, as amended by Laws
> 1899, p. 83, chapter 62, providing for the service of notice
> of appeal on adverse parties, as they were interested in
> maintaining the judgment for the purpose of enforcing con-
> tribution against the appealing defendants, in case they
> (the added defendants) should be compelled to pay more
> than their share of the judgment.[1]

(Decided February 10, 1904.)

Appeal from the Second District Court, Weber County.
—*Hon. W. M. McCarty,* Judge.

Action to recover on a stock subscription. The
opinion states the facts. From a judgment in favor of
the plaintiffs, the defendants, indicated, appealed.

DISMISSED.

---

[1] Bank v. Savings Loan & Building Company, 13 Utah 189, 44
Pac. 1043.

*H. H. Henderson, Esq.,* and *P. L. Williams, Esq.,* for appellants.

*A. G. Horn, Esq.,* and *T. D. Johnson, Esq.,* for respondents.

LEWIS, District Judge.—This action was brought by the respondents against the appellants to recover on an alleged liability on stock subscription in the South Ogden Land, Building & Improvement Company. Appellants in their answer and cross-complaint set up, among other things, that there was a nonjoinder of parties defendant in the action, alleging that Solomon C. Stephens, William J. Stephens, and David Kay were stockholders in said corporation at all times since the organization thereof, and were necessary parties defendant in the action, equally liable with the appellants, in proportion to the shares respectively held and owned by them in said company, and that a complete determination of the matters involved in the action could not be had without the presence of the said Solomon C. and William J. Stephens and said David Kay as parties thereto; and thereupon prayed that said Solomon C. and William J. Stephens and said David Kay be made parties defendant in the action. After a hearing said Stephenses and said Kay were made parties defendant. Solomon C. and William J. Stephens appeared in person and filed their answer; David Kay made no appearance, no process having been served upon him, he being absent from the State of Utah and a nonresident thereof at all times during the pendency of the action. Judgment was rendered in favor of the plaintiffs, and against the defendants Sidney Stephens, Frank J. Stevens, Sidney O. Stevens, William J. Stephens, and Solomon C. Stephens, for the sum of $12,903.96, subject, however, to the following: "That the defendant Sidney O. Stevens in no event shall be liable for or compelled to pay of the principal amount of said judgment to exceed $850.00, and that the defendant Frank J. Stevens in no event shall be liable for or compelled to pay

of the principal amount of said judgment to exceed
$850.00, it being the intent hereby that in no event shall
the defendants Sidney O. Stevens and Frank J. Stevens
be compelled to pay, or that this shall be construed to
be a judgment against either of them for a sum greater
than $850.00 each, which is hereby determined to be the
amount of their liability to the South Ogden Land,
Building & Improvement Company, and to the plain-
tiffs herein. It is further ordered and decreed that
plaintiffs recover of and from the defendants their costs
taxed at $——; also that in case any of the defendants
in this action shall pay or be compelled to pay a sum
in excess of their pro rata share as shown by the find-
ings of fact and conclusions of law in this case, that
after such payments have been made, and upon appli-
cation to the court, a judgment of this court may be
entered against the other defendants for such excess.''
The defendants Sidney Stevens, Frank J. Stevens, and
Sidney O. Stevens, moved the court to vacate the judg-
ment and to grant a new trial, and upon the denial of
the motion gave notice of an appeal to this court. The
notice of appeal was directed to and served upon the
attorneys for the plaintiffs only, and no notice of ap-
peal was served upon the defendants Solomon C. Steph-
ens and William J. Stephens, or either of them. The
evidence shows that said defendants, Solomon C. and
William J. Stephens, are the husbands, respectively, of
Mary E. Stephens and Zylpha J. Stephens, the plain-
tiffs and respondents herein; that the answer of defend-
ants Solomon C. and William J. Stephens was drawn
and filed for them by one of the attorneys for the plain-
tiff; that said Solomon C. and William J. Stephens had
no objections to the plaintiffs' getting judgment against
the Stevenses, but they, Solomon C. and William J.
Stephens, testified that they had no interest in the plain-
tiffs' recovery in the action.

Respondents move this court to dismiss the appeal,
for the reason that no notice of appeal was served upon
the defendants Solomon C. and William J. Stephens,

they being "adverse parties" within the meaning of section 3305 of the Revised Statutes of Utah of 1898, as amended by the Laws of 1899, p. 83, c. 62. Adverse parties, within the meaning of this section, are all parties whose interests require that the order, judgment, or decree appealed from be sustained. It is immaterial whether such party appeared as one of the original parties to the action, or was brought in by order of the court. "It is obvious that to reverse the final judgment and grant the appellant a new trial will be to overturn all the proceedings and leave the parties in the same situation as though the case had never been tried. No one could know what the ultimate result would be, and it will not be presumed that codefendants who have not been served with notice of appeal have no interest in the judgment which would be in conflict with the reversal. Any aggrieved party may, without joining any one else, regardless of the character of the judgment against him, appeal from the whole or any specific part thereof; but in order to maintain his appeal he must serve notice on all other persons who are interested in opposing the relief which he seeks, and a person who has once appeared in an action is a necessary party to the appeal, unless after his appearance he has ceased to have an interest in such action." Bank v. Savings, Loan & Building Co., 13 Utah 189, 44 Pac. 1043. Appellants made their codefendants parties for the purpose of enforcing contribution from them in the suit in case the plaintiffs succeeded, and these codefendants are now interested in maintaining the judgment against the appellants for the purpose of enforcing contribution against the appellants in the event of the nonappealing defendants paying more than their proportionate share of the judgment.

We are of the opinion that the notice of appeal should have been served upon the defendants Solomon C. and William J. Stephens, and therefore the motion to dismiss the appeal is sustained, at appellants' costs.

BASKIN, C. J., and BARTCH, J., concur.