## NELDEN-JUDSON DRUG CO. et al. v. COMMERCIAL NAT. BANK OF OGDEN et al.

No. 1670.  Decided July 23, 1906.  (86 Pac. 498).

1. APPEAL AND ERROR—NOTICE OF APPEAL—FAILURE TO SERVE.—Under Revised Statutes 1898, section 3305, as amended by Laws 1899, p. 83, c. 62, requiring notice of appeal to be served on the adverse party or his attorney, failure to serve notice upon one of the adverse parties of the attorney for such party requires the dismissal of the appeal.[1]

2. SAME—SUFFICIENCY OF SERVICE.—Where a motion for a new trial was noticed to the two separate defendants and different firms of attorneys representing the two defendants separately, but notice of appeal was served only on one firm of attorneys, who acknowledged service by signing as "attorneys for defendants," the defendant not served with notice of appeal was not estopped to deny that the attorneys who were served were his attorneys, and in the absence of any showing that the firm was authorized to acknowledge service for the defendant who was not served in person or by attorney, the service was, as to him insufficient.

Appeal from District Court, Weber County; H. H. Rolapp, Judge.

Action by the Nelden-Judson Drug Company and others against the Commercial National Bank and another. From a judgment for defendants, plaintiffs appeal.

---

[1] Bank v. Savings, Loan & Building Co., 13 Utah 189, 44 Pac. 1043; Stephens v. Stevens, 27 Utah 261, 75 Pac. 619.

APPEAL DISMISSED.

*Stephens & Smith* and *T. D. Johnson* for appellants.

*Geo. McCormick* and *A. R. Heywood* for respondents.

STRAUP, J.

This was an action brought by the appellants as plaintiffs against the respondents as defendants to have declared fraudulent and void a chattel mortgage executed by Shirley P. Ash in his lifetime to the defendant bank. Hume, the administrator of the estate of Shirley P. Ash, deceased, and the defendant bank, appeared in the action and filed separate answers and were represented by separate counsel, Heywood & McCormick representing the bank, and Henderson & Macmillan representing Hume. The case was tried before the court and findings and judgment were for the defendants. Plaintiff's motion for new trial was noticed, "to the above-named defendants and Heywood & McCormick, attorneys for defendant bank, and Henderson & Macmillan, attorneys for defendant Hume." The motion being overruled, the plaintiffs appealed. The notice of appeal was served only on Heywood & McCormick. It was not served on Hume or his attorneys. The notice of appeal was noticed by plaintiffs, "to Heywood & McCormick, attorneys for the defendants," and Heywood & McCormick, in acknowledging service of notice, signed their names above the words, "attorneys for defendants." A motion is made by respondents to dismiss the appeal because the notice was not served on Hume or his attorneys. The statute (section 3305, Rev. St. 1898, as amended by chapter 62, p. 83, Laws 1899) requires the notice of appeal to be served "on the adverse party or his attorney." It is conceded by counsel for appellants that Hume is an adverse party within the meaning of the statute, and undoubtedly he is such an adverse party. If no notice was served on him or his attorneys, it follows that the appeal must be dismissed. (*Bank v. Savings, Loan & Building Co.*, 13 Utah 189, 44 Pac. 1043; *Stephens v. Stevens*, 27 Utah 261, 75 Pac. 619; 2 Spelling, New Tr. & App., sections 536, 537.)

It is not claimed that such service was made. The claim made is that counsel for appellants were misled by the bank's counsel signing their names above the words "attorney for defendants," and that respondents should be estopped from asserting that the bank's counsel were not counsel for both defendants. By the pleadings, and other proceedings in the record, it clearly appears that Heywood & McCormick represented the bank alone, and that Hume was represented by Henderson & Macmillan, who were his attorneys of record, and of course appellants' counsel are bound with knowledge of such fact. They so treated it, as fully appears from their notice of motion for new trial. That Henderson & Macmillan were attorneys of record for Hume and represented him in the proceedings was a fact of which appellants' counsel had equal knowledge with that of the bank's counsel. They were not destitute of knowledge of the real facts as to the matter, but well knew them. What they say misled them was not calculated to accomplish such result. This court has no jurisdiction to hear an appeal from a judgment unless the appellant shall have served a notice of appeal on all adverse parties. (*Williams v. Santa Clara Min. Ass'n,* 66 Cal. 193, 5 Pac. 85.) Hume being an adverse party it must be affirmatively made to appear that he or his attorneys were served. (Adams v. McPherson (Idaho), 34 Pac. 1095.) The bank's attorneys not being Hume's attorneys of record nor in fact, the service on them was not service on him, no matter what kind of indorsement they may have made acknowledging service. In the absence of a showing that they had authority to acknowledge service for him, either because of their relation to him as attorneys or because of other authority, or that he in some manner acquiesced therein, their acknowledgment cannot be binding on him.

Let the appeal be dismissed. Such is the order.

BARTCH, C. J., and McCARTY, J., concur.