## GRIFFIN v. SOUTHERN PACIFIC CO.

No. 1739.   Decided December 24, 1906 (87 Pac. 1091).

APPEAL—NOTICE OF—SERVICE ON ADVERSE PARTY.—An action to recover for death of a railroad employee from injuries received was brought against the railroad company by which he was employed and another. The railroad company alone answered, though its codefendant was also served with process. A trial resulted in a verdict against the defendants jointly. *Held* that the railroad company's codefendant was an "adverse party" within Revised Statutes 1898, section 3305, providing for the service of notice of appeal on the adverse party or his attorney, where it did not affirmatively appear from the record that he could not be injuriously affected by a reversal of the case, since it would be presumed that, as he did not appeal, he was satisfied with the judgment, as a greater judgment might be entered against him on a retrial.[1]

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by Pauline Griffin as administratrix of the estate of H. J. Griffin, deceased, against the Southern Pacific Company and another. From a judgment for plaintiff, the railroad company appeals.

APPEAL DISMISSED, AND JUDGMENT AFFIRMED.

*P. L. Williams, Geo. H. Smith,* and *Jno. G. Willis* for appellant.

*A. W. Agee* for respondent.

McCARTY, C. J.

Plaintiff, as administratrix of the estate of Herbert J. Griffin, brought this action against the Southern Pacific Com-

---

[1] Bank v. Loan & Building Co., 13 Utah 189, 44 Pac. 1043; Rache v. Stanley, 15 Utah 314, 49 Pac. 648; Stephens v. Stevens, 27 Utah 261, 75 Pac. 619; Nelden-Judson Drug Co. v. Bank et al. (31 Utah 42), 86 Pac. 498.

pany and Charles E. Austin to recover damages for the death of deceased on December 1, 1903, resulting from injuries received by him while in the employ of the defendant company as a locomotive fireman. The Southern Pacific Company appeared and filed its answer in the case. The defendant, Charles E. Austin, although duly served with process, never made any appearance, and his default was duly entered of record. A trial was had which resulted in a verdict against defendants jointly and in favor of plaintiff for the sum of $8,000. Judgment was duly entered on the verdict in favor of plaintiff and against defendants jointly. To reverse this judgment the Southern Pacific Company alone appeals. Respondent now challenges the jurisdiction of this court to hear and determine the questions raised by the appeal on the ground that appellant's codefendant, Austin, was not served with notice of appeal nor in any way made a party to the appeal. This court, in harmony with the great weight of authority, has repeatedly held that every party to an action whose interests may be adversely affected by an appeal of such action, must be made a party to the appeal. (*Bank v. Loan & Building Co.*, 13 Utah 189, 44 Pac. 1043; *Rache v. Stanley*, 15 Utah 314, 49 Pac. 648; *Stephens v. Stevens*, 27 Utah, 261, 75 Pac. 619; *Nelden-Judson Drug Co. v. Bank*, et al. 31 Utah 42, 86 Pac. 498.)

But appellant contends that Austin is not in any sense, an "adverse party," as is contemplated by section 3305, Revised Statutes 1898, which provides that

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specified part thereof and serving a similar notice on the adverse party or his attorney."

In the case of *Bank v. Loan & Building Co.*, supra, this court, in harmony with the weight of authority, held that an adverse party, within the meaning of the statute, includes "all defendants whose interests would be injuriously affected by a reversal or modification of the judgment." This doctrine was reaffirmed in the case of *Rache v. Stanley*, supra. The ques-

tion, therefore, arises: Might the reversal of the judgment injuriously affect Austin? This court cannot indulge in the presumption that it would not. This action was brought to recover the sum of $25,000, and, as hereinbefore stated, judgment was entered for $8,000, and as Austin failed to appeal, it is presumed that he is satisfied with the judgment. *Belden v. Andrews* (Sup.), 43 N. Y. Supp. 587; *Williams v. Starr et al.*, 5 Wis. 534. A new trial might result in a judgment being entered for a sum far in excess of the amount of the judgment appealed from, in which case, it is obvious that Austin's interests would be materially and injuriously affected by a reversal of the case; and this, too, regardless of whether the case is reversed as to both of the defendants, or as to the Southern Pacific Company only.

The Supreme Court of California in the case of *Senter v. De Bernal,* 38 Cal. 637, in construing a statute similar to the one under consideration, said:

"The question is as to the meaning of the words 'adverse party' as here used, and as to that we think there can be no rational doubt. Each party whose interests in the subject-matter of the appeal is adverse to, or will be affected by, the reversal or modification of the judgment or order from which the appeal has been taken is, we think, an adverse party within the meaning of these provisions in the Code, irrespective of the question whether he appears upon the face of the record in the attitude of a plaintiff or defendant or intervener."

The federal courts have, in a long line of decisions, uniformly adhered to this rule. The following are a few of the more recent cases wherein it is held that, in order to confer jurisdiction on an appellate court of cases wherein the judgment appealed from is joint, all the parties against whom the judgment is rendered should join in the writ of error, and, if any of them refuse to join, then the record must disclose that the party or parties not joining were served with notice. (*Hardee v. Wilson*, 146 U. S. 181, 13 Sup. Ct. 39, 36 L. Ed. 933; *Mason v. U. S.,* 136 U. S. 581, 10 Sup. Ct. 1062, 34 L. Ed. 345; *Inglehart v. Stansberry,* 151 U. S. 72, 14 Sup. Ct. 237, 38 L. Ed. 76; *Davis v. Mercantile Trust Co.,* 152 U. S. 593, 14 Sup. Ct. 693, 38 L. Ed. 563; *Beardsley v. Ark. &*

*Louisiana Ry.,* 158 U. S. 127, 15 Sup. Ct. 786, 39 L. Ed. 919; *Hollbrook, etc., Con. Co. v. Menard* [C. A. A.], 145 Fed. 498. See also Elliott, App. Proc., 138.) We are of the opinion, and so hold, that unless it affirmatively appears from the record that a party to an action would not be injuriously affected by a reversal of the case, such party must be served with notice in case an appeal is taken, otherwise this court can acquire no jurisdiction over the action except to dismiss the appeal, and thereby affirm the judgment appealed from. (Elliott, App. Proc., 144.)

The appeal is dismissed, and the judgment of the trial court affirmed, with costs.

FRICK and STRAUP, JJ., concur.