Appeal from Third District.

## MALLETT v. VELIE MOTOR CAR CO. et al.

No. 2681.   Decided December 5, 1916.   Rehearing Denied May 5, 1917. " (164 Pac. 877.)

APPEAL AND ERROR—APPEAL FROM JOINT JUDGMENT—SERVICE OF NOTICE ON CODEFENDANT.  Where a joint judgment was entered against two defendants, and one. of them, appealing alone, served plaintiff with notice of appeal, but failed to serve such notice upon its codefendant, the appeal will be dismissed, as the Supreme Court has no jurisdiction, since to serve notice on the codefendant or to obtain a waiver of service of notice was necessary.[1]

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong*, Judge.

Action by Alma F. Mallett against the Velie Motor Car Company, the Velie Motor Vehicle Company and others.

Judgment against the named defendants.  The Velie Motor Vehicle Co. appeals.

APPEAL DISMISSED.

*Thurman, Wedgwood & Irvine* for appellant.

*Hurd and Hurd* for respondent.

FRICK, J.

The plaintiff, Alma F. Mallett, brought this action against the Velie Motor Car Company, a corporation, Velie Motor Vehicle Company, a corporation, Max Olsen and Thomas E. Kelly. A trial to a jury resulted in a verdict in favor of the plaintiff and against all of the defendants. The defendant Kelly had, however, not been served with summons, and the District Court of Salt Lake County, wherein the action was brought, eliminated him from the verdict and case. A joint judgment was thereupon entered upon the verdict against the

---

[1] *Griffin* v. *So. Pac. Co.*, 31 Utah 296, 87 Pac. 1091; *Allen* v. *Garner et al.*, 45 Utah 39, 143 Pac. 228.

other three defendants, but, on motion for a new trial, the action was dismissed as against the defendant Olsen, and thus he was likewise eliminated from the case. The joint judgment against the two corporations was, however, confirmed, on motion for a new trial, and the defendant Velie Motor Vehicle Company alone appeals therefrom. In taking the appeal the appellant served the plaintiff with notice of appeal, but failed to serve such notice upon its codefendant, the Velie Motor Car Company. The judgment being a joint judgment against both corporations, plaintiff's counsel insist that, under the rule laid down in *Griffin* v. *Southern Pac. Co.*, 31 Utah 296, 87 Pac. 1091, and cases there cited, *Allen* v. *Garner et al.*, 45 Utah 39, 143 Pac. 228; *Williams* v. *Santa Clara Min. Co.*, 66 Cal. 195, 5 Pac. 85, and *Millikin* v. *Houghton*, 75 Cal. 539, 17 Pac. 641, we have no jurisdiction of the appeal, and are without authority to dispose of it upon the merits. In view of the authorities just referred to counsel's contention seems to be well founded. Here, as in the cases cited, a joint judgment was entered against both defendants. In view of that fact it was necessary, in order to confer jurisdiction upon this court, for the appellant to serve its notice of appeal upon its codefendant, or to obtain a waiver of service of such notice from it; and the failure to comply with either one of those requirements is fatal to this appeal.

The objection of plaintiff's counsel must therefore be sustained, and the appeal dismissed. Such is the order. Costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.