GILL et al. v. TRACY et al. (JENSEN, Intervener).

No. 5136.   Decided August 15, 1932.   (13 P. [2d] 329).

128

*B. C. Call,* of Brigham, for appellants.

*Stephens, Brayton & Lowe,* of Salt Lake City, for plaintiffs respondents.

*Henderson & Johnson,* of Ogden, for defendants respondents.

FOLLAND, J.

This case involves the right and title to the use of the waters of Johnson creek in Box Elder county, Utah. Johnson creek has its source in the north slope of the Clear Creek Mountains located in the northwest corner of the state and courses northwesterly through sections 16, 9, and 4, township 14 north, range 15 west, S. L. B. & M., and thence into Idaho through section 30, township 16 south, range

25 east, Boise Meridian, and thence to the Raft river. The stream fluctuates greatly in the size of its flow. The only measurements we have of it were made between May 1st and September 30th of the years 1928 and 1929. The highest flow measured in 1928 was on May 15th of 7.63 cubic feet per second. The lowest flow was September 7th of .38 cubic feet per second. It fell below 5 cubic feet per second on May 31st and below one cubic foot per second on July 15th. In 1929 the highest flow was May 26th, of 12.38 cubic feet per second. This, however, does not indicate any continuous flow of that size as the flow was 8.62 cubic feet per second on May 20th and 8.62 cubic feet per second on May 31st, the only other times measured immediately before and immediately after May 26th. The lowest flow of that year was .61 cubic feet per second, August 26th. The stream flow fell below 5 c. f. s. June 26th and below one c. f. s. July 31st.

The case was commenced by J. H. Gill, Ernest V. Gill, and Robert F. Gill as plaintiffs. The original defendants were William E. Tracy, Henry Tracy, R. E. Hamilton, and L. B. Call. Amos B. C. Jensen filed a complaint in intervention. After trial, but before judgment, John Witbeck filed a petition for substitution, setting out that he had purchased the land and water holdings of the defendant William E. Tracy. The decree awarded primary water rights up to one c. f. s. for culinary, domestic, and irrigation purposes during the entire irrigation season to William E. Tracy, whose appropration dates from 1882, and to J. H. Gill, whose appropriation dates from 1897, in the proportions of one-sixth to Gill and five-sixths to Tracy; and two c. f. s. each of the high waters above one c. f. s. and up to five c. f. s. between April 1st and October 15th to William E. Tracy and J. H. Gill. These rights originated before May 1, 1903.

The waters over and above five c. f. s. were awarded as follows, with priority in the order named: One-half of a c. f. s. to Ernest V. Gill by virtue of a filing with the state

engineer of date January 18, 1916; and one c. f. s. to Robert F. Gill by virtue of a filing with the state engineer of date April 15, 1918; and one-half c. f. s. to J. H. Gill by virtue of a filing with the state engineer of date April 16, 1918. It was adjudged that appellants L. B. Call and Amos B. C. Jensen have no rights to the waters of Johnson creek except that they are awarded culinary and domestic rights in any of the waters which flow in the stream during the entire year, and it was ordered that the waters be permitted to run in the stream without obstruction after October 15th and before April 1st of each year, and except that L. B. Call "is the owner of any water right conveyed to her by William E. Tracy by deed dated June 26, 1915, described as irrigation water right." From this decree and judgment, the defendant L. B. Call and intervener Amos B. C. Jensen appeal. Appellants challenge the findings claiming that they, in certain material particulars, are not supported by the evidence and that the conclusions of law and the judgment are against law; and contend that appellants should each be awarded certain specific water rights for irrigation purposes in addition to the culinary and domestic rights awarded them.

Respondents have filed a motion to dismiss the appeal for the reason that no notice of appeal was served on either of defendants Henry Tracy or R. E. Hamilton. The rule, which is well established in this state, is that it is incumbent upon appellants in order to confer jurisdiction on this court to serve the notice of appeal on all parties to the action not joining as appellants who may be adversely affected by either a modification or a reversal of the judgment. Comp. Laws Utah 1917, § 6996; *Commercial National Bank* v. *U. S. Savings, Loan & Building Company*, 13 Utah 189, 44 P. 1043; *Rache* v. *Stanley*, 15 Utah 315, 49 P. 648; *Blythe & Fargo Co.* v. *Swenson*, 15 Utah 345, 49 P. 1027; *Stephens* v. *Stevens*, 27 Utah 261, 75 P. 619; *Nelden* v. *Commercial National Bank*, 31 Utah 42, 86 P. 498; *Griffin* v. *So. Pac. R. R. Co.*, 31 Utah 296,

87 P. 1091; *Walker Bros.* v. *Skliris,* 34 Utah 353, 98 P. 114; *Allen* v. *Garner,* 45 Utah 39, 143 P. 228; *Langton* v. *Peery,* 48 Utah 112, 159 P. 49; *Plough* v. *Nelson,* 49 Utah 35, 161 P. 1134; *Gunnison Irr. Co.* v. *Highland Canal Co.,* 52 Utah 347, 174 P. 852; *State Bank* v. *Mortensen,* 66 Utah 290, 241 P. 1055; *Salina Canyon Coal Company* v. *Klemm,* 76 Utah 372, 290 P. 161; *Wasatch Livestock Loan Co.* v. *Jones* (Utah) 10 P. (2d) 1070. Conversely, a party who will not be so affected by a reversal or modification of a judgment need not be served, *Castle* v. *Delta Land & Water Co.,* 58 Utah 137, 197 P. 584; and in the event a party has appeared in the action but after appearance ceased to have any interest in the subject-matter he need not be served with notice of appeal. *Commercial National Bank* v. *U. S. Savings, Loan & Building Co.,* supra; *Stephens* v. *Stevens,* supra. Unless the defendants, Henry Tracy and R. E. Hamilton, or either of them might be adversely affected by reversal or modification of the judgment, the motion must be denied. It is, we think, evident from the record that neither can be so affected.

The complaint was filed in 1919. The answers of the defendant were filed in the same year. The cause was tried in February of 1928, and judgment was entered February 10, 1930. Henry Tracy and R. E. Hamilton each answered in the cause setting up a claim to the waters of Johnson creek. Neither of them appeared at the trial and no evidence was given on behalf of either; and neither of such defendants are shown to have had any title or right to the use of any of the water of the stream. There is nothing in the record except the averments in their answers to indicate ownership of any land or right to the use of any of the water of the creek. Neither of these defendants in his answer described any land to which the waters claimed by him were appurtenant or on which it had been used, but merely set up, generally, that he owned lands, without describing them, on which water had been used and claimed a right or title to such waters. The plead-

ings indicate that Hamilton was claiming as a purchaser of the land and water holdings of William E. Tracy which were afterwards sold to John Whitbeck, who, after trial and before judgment, purchased the William E. Tracy lands and was on petition permitted to appear as a party defendant. The decree awarded water to William E. Tracy without mention of either Hamilton or Witbeck and awards no water to either Hamilton or Henry Tracy or Witbeck. Witbeck, however, was served with notice of appeal. The attorney for appellant is the same person who signed the answer of Henry Tracy as his attorney. No mention is made of either Hamilton or Henry Tracy in the decree nor in the findings except for the following statement in the recital of appearances in the findings: "Henry Tracy and R. E. Hamilton not appearing either in person nor by attorney." It is contended, however, that their claims are identified in interest with those of William E. Tracy. This fact, however, is not affirmatively shown by the pleadings but rests merely on inference. Even if that were true, however, the service of notice of appeal on William E. Tracy would be sufficient service, since Tracy, in that event, would be a trustee for them. It is unfortunate that no finding is made on any issue raised by the answers of these two defendants. It seems they were entirely overlooked or forgotten until it was discovered by respondents that they had not been served with notice of appeal. No complaint is made on this appeal that the findings or judgment were deficient because failing to dispose of the issues raised by their pleadings. Because the record does not show that they or either of them will be adversely affected by modification or reversal of the judgment, the motion to dismiss the appeal is denied.

Coming now to the merits of the cause, we shall discuss the claims of the two appellants separately. L. B. Call claims a water right by reason of a conveyance by warranty deed from William E. Tracy, dated June 26, 1915, of a tract of land of approximately 2½ acres, located in the

S. E. ¼ of section 9, township 14 north, range 15 west, S. L. M., which includes a water right described as "together with regulation water right." The decree of the district court states that L. B. Call had no right to the normal flow of Johnson creek for irrigation purposes, except that she "is the owner of any water right conveyed to her by William E. Tracy by deed dated June 26, 1915, described as regulation water right." The finding in this regard was of similar import and reads as follows: "Except that on June 26, 1931, Wm. E. Tracy and wife by warranty deed recorded in Book '82 of Deeds at page 503 in the County Recorder's office, Box Elder County, Utah, regulation water right,' together with the land particularly described therein; and that there is not sufficient evidence in the record to permit the court to make a definite finding as to what amount of water was thus conveyed to L. B. Call by the said conveyance, and no finding is made thereon, and the said matter is reserved for further proper proceedings."

After a careful reading of the evidence, we see no reason for disturbing the finding and decree with respect to the rights claimed by L. B. Call. Whatever water for irrigation purposes L. B. Call owns is by virtue of her deed and must come out of the amount of water awarded to William E. Tracy. If part or all of the Call land was irrigated, it is included in the acreage for which primary water rights were awarded to William E. Tracy. The findings and decree safeguard Mrs. Call with respect to this right. Because there is no sufficient evidence on which the trial court could base a finding as to any definite amount of water, the question is held open "for further proper proceedings." From our reading of the record we are unable to arrive at any conclusion different from that reached by the trial court. There is no evidence from which we may construe the meaning of the term "regulation water right," nor can we determine how much, if any, of the Call tract of land has ever been irrigated or how much water is necessary to irrigate it. There is evidence of an old ditch taken out in 1882

or thereabouts which coursed through the Call tract and also of a more recently constructed ditch which now passes through it. But there is no evidence as to how much of this tract, if any, has even had water used upon it for irrigation purposes, nor is there any evidence that any water whatever has been used on the tract since the deed of 1915. The findings and decree are therefore as favorable to appellant as is justified by the record.

We call attention, however, to the fact that the description in the findings of fact of lands owned by William E. Tracy is incorrect. This description was copied from the answer of William E. Tracy. The evidence shows that William E. Tracy was the owner of all of section 16 and the W. ½ of the S. E. ¼, and the S. E. ¼ of the S. E. ¼, section 9, township 14 north, range 15 west, S. L. M. The description in Tracy's answer and in the court's findings is as follows: "All of Section 16, the East half of the SE¼ of the SE¼ of the SE¼ of Sec. 9, Township 14 N., R. 15 West, S. L. M., except that certain portion heretofore conveyed to the said defendant L. B. Call, which portion so conveyed and which is now owned by the said defendant Call is described as follows: "Beginning 80 rods South of the NE corner of the SW¼ of Sec. 9, Tp. 14 N., R. 15 W., S. L. M., South 6 chains; thence East 4 chains; thence N. 6 chains, thence West 4 chains to the place of beginning."

It will be noted that the land described as belonging to L. B. Call is not part of the Tracy land described in the findings, but is a part of the Tracy land as shown by the evidence to have been owned by Tracy and upon which waters were used for irrigation purposes dating from 1882. The use of water on these lands is the basis of the award by the court to William E. Tracy of his primary rights in the stream. No complaint has been made of this error and we are not called on by this appeal to make any correction.

Appellant and intervener Amos B. C. Jensen makes claim to one cubic foot per second of the waters of Johnson creek flowing continuously for irrigation, culinary, and domestic purposes, to be used on lands owned by him in section 19, section 30, and section 31, township 16 south, range 252, Boise Meridian, all in the state of Idaho. These lands are located some three or four miles lower on the stream in a northeasterly direction from the lands of Tracy and Gill and is part of what is called in the evidence the Gully Field. The field takes its name from Samuel Gully who occupied the land and used water on it as early as 1882. Jensen claims his water through the Gully ditch which is diverted from Johnson creek within the state of Utah on lands owned by J. H. Gill and courses northeasterly into Idaho. The trial court gave Jensen none of the water of Johnson creek for irrigation purposes, but awarded him a water right for culinary, domestic, and stock water purposes of any of the waters of Johnson creek that flow down to his land, and ordered that between October 15th and April 1st of each year the waters of the creek be unobstructed to flow down the old channel for the purpose of such use. We are satisfied that the trial court made findings and decree as favorable to this appellant as he was entitled under the evidence. Jensen obtained title to his lands in the Gully Field from Benjamin C. and Nowell T. Snyder, by warranty deeds of date February 5 and February 6, 1914. These deeds make no specific reference to water rights. The Snyders went upon the place as homesteaders and obtained title by patent from the United States government in 1914. The evidence does not show when the Snyders first went into possession, but does show that they were on the place and cutting hay in the summer of 1911. Neither the Snyders nor Jensen ever made any filing with the state engineer on the waters of Johnson creek. The Gully ditch was constructed in 1892 by the Durham Land & Cattle Company, who had title to a part of the lands in Gully Field and occupied and used in addition to the land

it owned all the adjoining lands now owned by Jensen. These lands were then part of the public domain and remained such until the homestead filing was made by the Snyders. William E. Tracy obtained title by mesne conveyances from the Durham Land & Cattle Company, to the east half of the N. E. ¼ and the east half of the S. E. ¼ of section 30, and other lands, being in the east portion of the Gully Field, November 17, 1914, and had since 1906 been in possession of such lands under lease, and had used the waters of Johnson creek on the conveyed lands and the public lands in the west half of the N. E. ¼ and the west half of the S. E. ¼ of section 30, included within the Gully Field, and which had been occupied by him and his predecessors in interest for many years. He used the waters of Johnson creek upon all such lands. In about 1911 Tracy constructed a fence on the west line of his land and the lands to the west were abandoned by him and the water used thereon was transferred to lands owned by him in section 16, township 14, in Utah. This is the basis for Tracy's claim to the use of two c. f. s. of the high waters of Johnson creek as awarded to him by the trial court. Samuel C. Dunn in 1882 made a filing on the waters of Johnson creek for use on lands in the Gully Field, but Dunn never entered the lands now owned by Jensen but did become owner of other lands in the Gully Field by patent from the United States government, and later conveyed his owned lands and water rights to a predecessor in title of William E. Tracy. The appellant Jensen does not trace title to his land to any one who appropriated water for use on that land or any other lands, nor to any one who either appropriated or used the water of Johnson creek on any lands. Whatever title he has to either land or water was conveyed to him by the Snyders, and while they made some use of the water on Johnson creek on the lands conveyed, they had never made any valid appropriation. Both the Snyders and Jensen used such waters of Johnson creek as came down to their lands after those above them on the stream, including Tracy and

the Gills, were fully satisfied. Jensen therefore has established no right to the water of this creek for irrigation purposes, and the decree awarding him culinary and domestic rights in the stream is as favorable to him as is warranted by the evidence.

Complaint is made by appellant Jensen that the decree fixed different standards with relation to the duty of water awarded to Tracy and the Gills and that the amounts fixed in the decree are arbitrary and unreasonable. The amount of water awarded to these parties may seem unreasonably large for the acreage specified in the decree, ■ but it must be remembered that the primary flow of the stream reached a point some years as low as .38 of a c. f. s., although one c. f. s. is awarded as the primary right, and that the flow of the stream in excess of one c. f. s. and up to five c. f. s. continues for only a few weeks of each year. The lands occupied by Tracy and the Gills in sections 4 and 16 are gravelly and require more than the average amount of water for proper irrigation. The appellant is in no position to complain because he has not established any adverse rights to the use of the waters of Johnson creek. *Gianulakis* v. *Sharp*, 71 Utah 528, 267 P. 1017. E. V. Gill, R. F. Gill, and J. H. Gill, who have made appropriations by filing with the state engineer and whose appropriations are found to be subordinate to the primary rights and the high-water rights decreed to Tracy and J. H. Gill, do not question the reasonableness of these awards.

The judgment of the district court of Box Elder county is affirmed, with costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.