Appellant and respondent submit the following statement of the case: A suit was brought in the lower court by Morgan J. Davies, personally, and as guardian ad litem of Ralph Davies, Vera Davies, Earl Davies, Ruth Davies and Clyde Davies against the respondent Belnap for the wrongful death of the wife of Davies and mother of said minors. After a verdict against plaintiff, an order was entered granting a new trial, and upon a second trial in the court below, a judgment was rendered in favor of plaintiffs and against Belnap on February 3, 1936, for about $6,500. A new trial was denied March 7, 1936. Notice thereof was given and said judgment thereupon became final. After negotiations for settlement, a satisfaction of the judgment was entered. Morgan J. Davies signed for himself, as guardian ad litem and as natural guardian for said minors for $2,500. The release and satisfaction of judgment was also signed by each of the minors personally, one of whom was between 4 and 5 years of age, who printed his name, and by Stewart, Stewart Carter, as attorneys for plaintiffs.
Thereafter, on petition and after notice, Joseph Williams, Jr., was duly and regularly appointed guardian of the estates of said minors and duly qualified January 30, 1937. On April 21, 1937, he, as guardian for the minors, commenced an action in the court below against respondent, Belnap. The complaint set up the recovery of the said $6,500 judgment against Belnap, the attempted compromise and satisfaction thereof for $2,500 and denied any power or authority on the part of the parties attempting to satisfy the judgment to make any such settlement and alleged that said settlement was null and void and not binding on the minors. *Page 94 
The latter suit is and was at issue and untried before the petition herein was filed.
On April 4, 1938, Belnap and his insurance carrier filed a petition in the guardianship proceeding, the case at bar, and among other things, discussed the proceedings had in the district court in the case of Morgan Davies and Morgan Davies, guardian ad litem for the minors, against Belnap, resulting in the final judgment against him for about $6,500 and declared that the court in the suit against Belnap had overruled a motion for a new trial; that the attorneys for Belnap, in preparation of an appeal, had the reporter of the said court prepare "a transcript to constitute a part of the bill of exceptions on said appeal"; that the defendants' attorneys "stated to Judge Lester A. Wade" and to the attorney for the plaintiffs "that such appeal was meritorious and in their opinion well taken"; that in May, 1936, Ralph Stewart, attorney for the plaintiffs in that action, approached counsel for the defendants with a view of settlement of the judgment, and as the result of negotiations, a settlement was had on June 22, 1936, for the sum of $2,500; that Stewart requested counsel for the respondent, Belnap, not to file a petition for the appointment of a general guardian of the persons and estate of the minors and suggested that a release be signed by Morgan Davies personally and as guardian ad litem for the minors and as their natural guardian, in full settlement and satisfaction of the judgment; and that such a release and satisfaction were so signed and also by the minors, June 22, 1936. The foregoing statements present the positive and negative of the same situation: viz, the validity or the invalidity of the satisfaction of the judgment.
In response to the respondents' petition, the appellant demurred to the said petition on the ground of want of sufficient facts, the pending of an action involving the same subject matter and a prior ruling of the court denying a motion to approve the settlement. On the same ground, *Page 95 
objection was made to the granting of the petition and a motion to dismiss it, all of which were overruled and denied.
On filing their petition and an affidavit of one of respondents' attorneys, the court below issued an order to Morgan J. Davies to appear on April 23, 1938, and show cause why he should not account to the court and to the general guardian of the estates of the minors for the $2,500 paid in settlement.
The record discloses that the action was pending in the District Court of the State of Utah in and for the Second Judicial District to vacate and set aside the entry of satisfaction of the judgment in favor of the minors in this proceeding, at the time the petition herein was filed seeking, among other things, an order "ratifying, confirming and approving the settlement."
The suit pending, J. Joseph Williams, Jr., as guardian v. Dr. Howard K. Belnap and Metropolitan Casualty Insurance Company of New York, being an equity action, involves the same ultimate issue, if any issue is presented here, as is involved in this petition of Dr. Belnap and Metropolitan Casualty Insurance Company of New York to have the satisfaction of the judgment approved. If the satisfaction of the judgment in favor of the minors and their father is vacated and set aside, then the sole estate of the minors is their respective interests in that judgment, which interests can be ascertained and determined if and when the satisfaction of the judgment is vacated and set aside. If, on the other hand, the satisfaction of the judgment is valid then the only issue is the determination of the interest of the minors in the settlement made and the recovery thereof, which latter action can and must be taken by the guardian against any parties who may hold the funds of the minors.
This appeal must be dismissed and the cause remanded for two reasons: First, the order made by the court is not, we think, a final judgment from which an appeal may be 1 taken. It is an order directing Morgan J. Davies to pay to the guardian $2,500, and if he fails so to do, *Page 96 
then directing the guardian to bring suit against him for the sum. Other matters not material to the question here involved are included in the order.
Second, the purported judgment or order is one against Morgan J. Davies. If he were a proper party to the proceeding, pursuant to the petition, and he were the party 2 adversely affected, he should have, in any event, been served with a notice of appeal. This is necessary. Stephens v.Stevens, 27 Utah 261, 75 P. 619.
The cause is remanded to the District Court. Such further action may then be pursued as will protect the interests of the minors. It is so ordered. Each party to bear its own costs.
WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.