## PLOUGH v. NELSON ET AL.

No. 2874.   Decided December 4, 1916 (161 Pac. 1134).

1. APPEAL AND ERROR—NECESSARY PARTIES—OMISSION. Within the rule that all adverse parties interested in having the judgment reversed or affirmed are necessary parties to the appeal, which will be dismissed for failure to make any of them parties thereto, persons made defendants who disclaim all interest in the subject-matter, or do not answer 'and are shown to have none, are not necessary parties to the appeal.[1]   (Page 37.)

2. MINES AND MINERALS—MINING CLAIMS—ANNUAL ASSESSMENT WORK. Under Act Cong. May 10, 1872, c. 152, Section 5, 17 Stat. 92, as amended by Act Cong. Jan. 22, 1880, c. 9, Section 2, 21 Stat. 61 (U. S. Comp. St. 1913, Section 4620), providing that on each mining claim located, till issuance of patent, $100 worth of work shall be done during each year, and that on failure to comply with such condition the claim shall be open to relocation, provided 'that the original locator has not resumed work on the claim after failure and before such relocation, forfeiture is prevented, and no rights acquired under a relocation, where plaintiff went on his claim the last day of the year, then did part of the required work, and remained there and completed it after the commencement of the next year, though defendant made a relocation thereon on the first day of the next year before the work was completed.[2]   (Page 38.)

Appeal from District Court, Third District; Hon. *T. D. Lewis*, Judge.

Action by R. E. Plough against Nils Nelson and others.

Judgment for plaintiff.   Defendant named appeals.

AFFIRMED.

*J. W. Stringfellow* for appellant.

*Bagley & Ashton* for respondent.

---

[1] *Griffin* v. *Southern Pac. Co.*, 31 Utah 296, 87 Pac. 1091; *Allen* v. *Garner*, 45 Utah 39, 143 Pac. 228.
[2] *Lockhart* v. *Farrell*, 31 Utah 155, 86 Pac. 1077.

## APPELLANTS' POINTS.

After the plaintiff had failed to do the required one hundred dollars' worth of work for each claim, during the year, and for the year 1913, the only right he had was the right to resume work before the defendant located the claims, and, as expressed by Judge Sanborn, in the case of *Fee* v. *Durhan,* 21 Fed. 468:

"The right to resume and the right to relocate vested in the respective parties the instant the 31st day of December passed. Congress granted the right to the land to the parties who first exercised their right. The plaintiffs exercised their right to relocate before the original locators exercised their right to resume, and they thereby acquired the better right to the property. Their acts of entry and relocation did not constitute a trespass, because they violated none of the rights of the original locators, but simply asserted and exercised a right Congress had expressly granted to them. These views are not without support in repeated decisions of the court. *Belk* v. *Meagher,* 104 U. S. 279; *Du Prat* v. *James,* 65 Cal. 555; *Russell* v. *Brosseau,* 65 Cal. 608; *Kramer* v. *Settle,* 1 Idaho 491; *Renshaw* v. *Switzer* (Mont.), 13 Pac. 127; *Morgan* v. *Tillottson,* 73 Cal. 520."

## RESPONDENT'S POINTS.

It is well settled that the burden of proving a forfeiture for failure to do the assessment work is on the person alleging it and it must be established by clear and convincing evidence. (*Willett* v. *Baker,* 133 Fed. 937; *Field* v. *Tanner,* 75 Pac. 916; *McCulloch* v. *Murphy,* 125 Fed. 147; *Fredericks* v. *Klauser,* 96 Pac. 679; *Callahan* v. *James,* 74 Pac. 835; *Bishop* v. *Baisley,* 41 Pac. 936, at 939; 8 Ency. of Ev. 559; Morrison's Mining Rights, 14th Ed. 131.) Every presumption is indulged in favor of the prior location. The burden of proof is on the contestant of showing the invalidity of the prior location or of showing some competent facts which give the contestant a better right than his adversary to the ground in dispute. (*Lockharte* v. *Farrell* (Utah, 1906). 86 Pac. 1080; *Buffalo Zinc & Copper Co.* v. *Crump,* 91 Ann. St. Rep. 87 at 98;

*Hammer* v. *Garfield Mining Co.,* 130 N. S. 291). Indeed, it is the object and policy of the law to encourage the prospector and miner in their efforts to discover mineral and therefore as between conflicting lode claimants the law is liberally construed in favor of the senior location. (*Grand Central Min. Co.* v. *Mammoth Min. Co.,* 29 U. 490.)

FRICK, J.

The plaintiff, as lessee, on December 29, 1913, commenced this action to quiet the title to certain lode mining claims situated in Tooele County, Utah, and to enjoin the defendants named in the title of the action from in any way interfering with his possession of said claims. The defendant Nelson, alone answered the complaint, and, after denying the rights of the plaintiff, and of those under whom he claimed, also set up a counterclaim in which he claimed title to a large portion of the surface area of the claims described in plaintiff's complaint. Nelson's claim is based upon an alleged relocation of the claims, which was based on the ground that plaintiff had failed to do the assessment or representation work for the year 1913, and hence had forfeited his right to the claims, as well as the rights of those under whom he claimed.

The case, by stipulation, was transferred for trial to the district court of Salt Lake County. That court, after hearing the evidence, made findings of fact and conclusions of law in favor of the plaintiff and entered a decree quieting the title to the claims as prayed for in the complaint, and enjoined the defendants, including the appellants, from interfering with plaintiff's possession. The defendant Nelson alone appeals.

At the threshold we are met with a motion to dismiss the appeal upon the ground that the appellant has failed to make his co-defendants parties to the appeal. We have frequently held that all adverse parties who are interested in having the judgment either reversed or affirmed are necessary parties to the appeal, and if not made parties the appeal will be dismissed. *Griffin* v. *Southern Pac. Co.,* 31 Utah 297, 87 Pac. 1091; *Allen* v. *Garner,* 45 Utah 39, 143

Pac. 228, and cases cited in the two cases just referred to. It does not follow, however, that all who were made parties in the court below are necessary parties to an appeal. It often happens that certain individuals are originally made parties in the court below who are not necessary parties and who claim no interest in the subject-matter of the litigation, or who disclaim all interest therein at the trial. Such is the case here. It developed at the trial that the appellant is the only party interested and is alone affected in the event the judgment should be reversed or affirmed. The motion, therefore, does not come within the rule referred to, and hence must be denied.

Proceeding now to the merits of the case, we remark that, while much evidence was produced by both parties upon other questions, yet, in view that the appellant  **2** has limited his contention and argument to only one question, the evidence upon the other matters becomes wholly immaterial. The material facts affecting the question presented for decision in substance are that the claims in question were located many years before the action was commenced, and were divided into two groups known as the Lincoln and the Blackhawk groups. There were three claims in the former and two in the latter group. There was also involved a mill site. Much labor had been performed upon the claims prior to the year 1913 by both the original owners and the plaintiff as lessee. Proof of such labor was filed as required by law for the several years of 1900 up to 1912. In the year 1913, however, and while plaintiff's lease was still in force, he failed to do the assessment or representation work upon any of the claims, and did not commence to do the work on either one of the groups until the 30th or 31st day of December, 1913. Either on the 30th or 31st of December, 1913, however, the plaintiff, with an assistant, went upon the claims and commenced the assessment work for the year 1913. The evidence showed that the claims were some distance from the railroad and were somewhat inaccessible, especially during the winter season; that on the 30th day of December, 1913, the plaintiff, at a certain store some miles distant from the claims, bought provisions and the necessary

supplies to do the work on the claims, which provisions and
supplies were delivered by the storekeeper at the boarding
house located on one of the claims in question; that the plain-
tiff and his assistant, either on the 30th or 31st day of Decem-
ber, 1913, commenced work in a tunnel previously constructed
on the claims by drilling holes into the face thereof for the
purpose of blasting out the rock, and by that means to extend
the tunnel into the mountain with a view of developing the
minerals; that they commenced work first in one of the groups
and then went to the other group and commenced actual work
on both groups before the end of December, 1913, and were in
actual possession of the claims on that day, intended to con-
tinue on with the work, and remained in the boarding house
at night; that they continued to work during the winter and
spring until the required amount was performed, when plain-
tiff filed proof of labor for the year 1913, as had been done
for the preceding years. It also was made to appear that the
appellant, and others in his behalf, had attempted to, and in
several instances did, interfere with plaintiff's possession, and
had threatened to continue to do so; that in view of that
fact plaintiff had commenced prior actions and commenced
this action, and had obtained orders restraining the parties
from interfering, and that the sheriff of Tooele county had
put the plaintiff into possession pursuant to the court's orders.

Under the foregoing circumstances the appellant testified
that he went upon the claims on December 31, 1913, and found
no one in possession, and found no indications that any work
had been done on the claims for the year 1913; that in view
of that fact he, with an assistant, on the morning of January
1, 1914, relocated a large portion of the surface area of the
claims in question as being open ground made so by reason
of plaintiff's failure to do the required amount of work during
the year 1913 and before the end of that year. Appellant,
however, stated that he did not go to the boarding house on
December 31st, but went there on January 1st, and in doing
so found the plaintiff there.

Appellant's counsel earnestly contends that in view that the
evidence, without conflict, shows that the plaintiff had failed
to perform the original assessment or representation work on

the claims during the continuance of the year 1913, and did not commence work on the claims until the 30th or the 31st of December, he for that reason had not complied with the provisions of U. S. Comp. Stat. 1901, Section 2324 (U. S. Comp. St. 1913, Section 4620), which provides:

"On each claim located after the tenth day of May, eighteen hundred and seventy-two, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year. * * * And upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation the same as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location."

The right in question here being based upon a federal statute, the decisions of the federal courts must control. Fortunately the question of whether under the statute we have quoted a locator of a lode mining claim may protect all of his rights and prevent a forfeiture of his location by commencing work upon his claim at any time during the year for which the work must be done has been passed on by the federal courts. In the case of *Fee* v. *Durham*, 121 Fed. 468, 57 C. C. A. 584, the rule is stated in the headnote, which correctly reflects the decision of Mr. Justice Caldwell, who speaks for the majority of the court, thus:

"A locator commenced his annual assessment work on December 26th, and his employees worked until the night of December 30th, which was Saturday, when they quit until Monday morning, January 1st, and then resumed work, in the meantime leaving their tools on the claim. They continued the work until $500 worth had been done, but less than $100 worth had been done on Saturday night. Sunday night, between twelve and one o'clock plaintiffs went upon the claim and relocated the same. Held that, in contemplation of law, the original locator continued in actual possession from Saturday night until Monday morning, and his work was continuous, and that plaintiffs were trespassers, and acquired no rights by their relocation."

In that case the work was commenced on December 26th. In this case on the 30th or 31st of December of the year for

which the work was required to be done. In neither case was sufficient representation work done during the year for which it was intended to and was applied. That case is therefore decisive of the question involved here.

The same question was before the United States Circuit Court for the Western District of Arkansas in the case of *Willitt* v. *Baker,* 133 Fed. 937. In the fifth headnote to that decision the rule is stated in the following language:

"Where the locators of a claim were at work thereon on the 31st of December, and that night left their tools in the cut, intending to resume work the next morning at the usual time, which they did, their possession and work were, in law, continuous; and one who made a relocation in the night, during their absence, was a trespasser, and acquired no rights by the relocation."

That case, like the *Fee Case,* is, in principle, not distinguishable from the case at bar. To the same effect are *Hammer* v. *Garfield M. Co.,* 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964; *Belk* v. *Meagher,* 104 U. S. 279, 26 L. Ed. 735; *Belcher* *Con. G. M. Co.* v. *Deferrari,* 62 Cal. 160; *Emerson* v. *Mc-Whirter,* 133 Cal. 510, 65 Pac. 1036 (which, under the title of *Yosemite Min. Co.* v. *Emerson,* is affirmed in 208 U. S. 25, 28 Sup. Ct. 196, 52 L. Ed. 374.) The doctrine, in a somewhat different form, is also recognized by this court in *Lockhart* v. *Farrell,* 31 Utah 155, 86 Pac. 1077.

Appellant's counsel, in answer to all of the foregoing cases, cites and relies alone upon the dissenting opinion of Mr. Justice Sanborn in the case of *Fee* v. *Durham, supra.* Mr. Justice Sanborn, in his dissenting opinion, lays down the doctrine that unless a locator performs the required $100 worth of assessment work upon each lode claim, or on some claim of a number of claims constituting a group for the benefit of all the claims, during each year, that is, before the year for which the work must be done has expired, the claim is open for relocation, and if the claim is actually relocated before $100 worth of work is done, or that amount of improvements made for each claim, the original locator forfeits all of his rights to the claim unless he actually performs the necessary $100 worth of work, or makes that amount of improvements before the claim is actually relocated. True, the justice con-

cedes that, if the work is done before actual relocation is made, it may be done in the following year. Mr. Justice Sanborn would thus enforce a forfeiture of the original locator's rights, although he was at the time, and before the end of the year for which the work was required to be done, in actual possession of the claim and actually engaged in doing the representation work. Whether that construction should have prevailed or not we need not discuss here. It is enough for us to know that Mr. Justice Sanborn's construction was not deemed the correct one either by his associates or by the other federal justices who have had occasion to pass upon the question. Moreover, in our judgment, the construction placed upon the statute by Mr. Justice Caldwell in *Fee* v. *Durham, supra,* and the justices in the cases to which we have referred, is more reasonable and certainly more equitable than is Mr. Justice Sanborn's construction. If Mr. Justice Sanborn's construction prevailed, much injustice would result without any corresponding benefit to any one, for the reason that nearly all, if not all, lawyers in mining regions have for many years advised their clients, that all rights may be saved by commencing work at any time during the year for which the work is required to be done, provided that the required amount is done on the claim with reasonable diligence and without unnecessary interruption or delay, although the work is not completed until the following year. Neither can we see how the United States government could be benefited by the construction given the statute by Mr. Justice Sanborn. The purpose of the statute and the interest of the government is to have the mineral resources of the United States developed. It, no doubt, was assumed that to require a certain amount of work each year upon each lode claim was best calculated to develop the mineral resources contained therein. The United States is not concerned whether A. or B. develops the mineral resources so long as the locator complies with the law. Nor can it make any difference whether the development is made a few days sooner or later so long as it is done in substantial compliance with the statute. We think the proviso in the statute was intended to prevent forfeitures if the work

was actually resumed at any time before relocation could legally be and actually was made.

We are of the opinion that the judgment of the district court is right upon both the facts and the law, and that it therefore should be, and it accordingly is, affirmed, with costs.

STRAUP, C. J., and McCARTY, J., concur.