## STATE BANK OF BEAVER COUNTY v. MORTENSEN et al.

No. 4282.    Decided December 14, 1925.    (241 P. 1055.)

1. APPEAL AND ERROR—JUDGMENT DOES NOT BECOME FINAL UNTIL DETERMINATION OF MOTION FOR NEW TRIAL. Filing of motion for new trial suspends date on which judgment becomes final until motion is determined; hence appeal may be taken within six months from determination of motion.

2. APPEAL AND ERROR—ALL PARTIES WHO MIGHT BE ADVERSELY AFFECTED BY DISPOSAL OF APPEAL MUST BE SERVED WITH NOTICE. Notice of appeal must be served on all parties to action who might be adversely affected by either affirmance or reversal of judgment, in order to give Supreme Court jurisdiction.[1]

3. APPEAL AND ERROR—UNNECESSARY TO SERVE NOTICE OF APPEAL ON DEFAULTING DEFENDANTS. Where, in action to recover on notes and set aside conveyance of real estate as made to defraud creditors, judgment by default was taken against makers of notes, and action dismissed as to present owners of real estate, held, that it was not necessary to serve notice of plaintiff's appeal on makers of notes.

4. FRAUDULENT CONVEYANCES—SHOWING HELD INSUFFICIENT TO ESTABLISH FRAUDULENT CONVEYANCE OF REAL PROPERTY. In action to set aside conveyance of real estate, held that, on showing by plaintiff only of indebtedness of original owner, and of con-

---

[1] *Griffin* v. *Southern Pac. Co.*, 31 Utah, 296, 87 P. 1091; *Langton L. & C. Co.* v. *Peery*, 48 Utah, 112, 159 P. 49; *Plough* v. *Nelson*, 49 Utah, 35, 161 P. 1134.

Corpus Juris-Cyc. References.

[1]  Appeal and Error, 3 C. J. p. 1051 n. 10.

[2, 3]  Appeal and Error, 3 C. J. p. 1216 n. 99; p. 1217 n. 3; p. 1238 n. 53:  4 C. J. p. 567 n. 74.

[4]  Bills and Notes, 8 C. J. p. 1045 n. 90:  Fraudulent Conveyances, 27 C. J. p. 627 n. 21; p. 629 n. 29.

veyance by owner to his wife and conveyance by wife to present owner, court was right in granting motion for dismissal, as inference of fraud does not follow, in absence of some showing of fiduciary relation existing between present owner and original owner.

Appeal from District Court, Fifth District, Iron County; *T. H. Burton,* Judge.  ·

Action by the State Bank of Beaver County against H. J. Mortensen, H. C. Rowley, and others. From a judgment dismissing the action as to all defendants, except the two named, plaintiff appeals.

AFFIRMED.¦

*O. A. Murdock* and *Abe Murdock,* both of Beaver, for appellant.

*George B. Hancock,* of Cedar City, and *C. E. Norton,* of Salt Lake City, for respondents.

GIDEON, C. J.          ·

On December 11, 1919, the defendants H. J. Mortensen and H. C. Rowley made and delivered to plaintiff, State Bank of Beaver County, their certain five promissory notes, for $590 each. The notes were payable in one, two, three, four, and five years, respectively, after date. None of the notes was paid. On January 24, 1922, after maturity of two of the notes, this action was instituted. Five separate causes of action are stated in the complaint. The five notes made by Mortensen and Rowley are the basis of the several causes of action. Personal judgment is sought on the notes against the makers. The prayer of the complaint asks that a conveyance of certain real estate made by Mortensen to his wife, Cora L. Mortensen, also a defendant, be ''declared null and void and of no effect; that the judgment of the said plaintiff be decreed to be and made a lien upon the said real estate.''

The complaint further asks that Cora L. Mortensen, Joseph F. Burton, his wife, Ida Burton, and R. H. Benson "be required to come in and show what right, if any, they have in and to said premises; that said right be declared to be and made subject to the lien of the said plaintiff; that the plaintiff have an order of sale for the sale of said real estate for the full satisfaction of its said judgment in accordance with the laws of this state and the practice of the court." General relief is sought.

In the complaint the execution and delivery of the notes are alleged. It is further alleged that on January 26, 1921, H. J. Mortensen was the owner of certain real estate located in Iron county, of the value of $6,000, and that at that time Mortensen was the owner of no other real estate in the state of Utah, and had no other property out of which his creditors could collect debts owing by him; that notwithstanding such fact, and that he was then indebted to plaintiff and others, he, the said Mortensen, with intent to defraud his creditors, and especially the plaintiff, did on said day fraudulently execute and deliver to his wife, Cora L.' Mortensen, a warranty deed for said real estate without consideration, although it is recited in the deed that the consideration was $1 and other valuable consideration; that at the time said deed was so made and delivered the other maker of the notes, H. C. Rowley, had no property, either real or personal, not exempt from execution, and this fact was fully known to H. J. Mortensen; that Cora L. Mortensen knew the purpose of the execution and delivery of the deed, and that the same was fraudulent as against plaintiff, and that it was made for the purpose of defrauding plaintiff; that Mortensen and wife, in furtherance of the design to defraud plaintiff, on June 20, 1921, caused said deed to be recorded in the county recorder's office. It is then alleged that during the year 1921 Mortensen and his wife left the state of Utah, and were then absent from the state. It is further alleged that on June 18, 1921, Cora L. Mortensen, in furtherance of said fraudulent design, and for the purpose of hindering, delaying, and defrauding the creditors of said H. J. Mortensen,

pretended to and did make her warranty deed for said real property to the defendant Joseph F. Burton, for the stated consideration of $1 and other valuable consideration. But it is alleged upon information and belief that there was no consideration; that Burton knew the purpose of the parties, knew that the grantee, Cora L. Mortensen, was not the real owner of the property, and that the lands were the property of H. J. Mortensen, and that Burton thereby became a party to the scheme to defraud plaintiff, and that in furtherance of said design Burton caused said deed to be recorded in the county recorder's office on June 28, 1921; that Cora L. Mortensen, in furtherance of said fraud, took a mortgage to herself on said property, dated June 20, 1921, executed by Burton and wife, for the sum of $3,000; that Burton at that time had notice of the fact that Cora L. Mortensen was not the owner of said real estate, and that H. J. Mortensen was in fact the owner in fee thereof; that said mortgage was recorded on June 20, 1921; that on July 9, 1921, Burton and wife made and delivered to R. H. Benson a mortgage on said real estate to secure the payment to said Benson of the sum of $2,000, which plaintiff alleges was an indebtedness theretofore owing by H. J. Mortensen to Benson, evidenced by a note made and secured by a mortgage executed by H. J. Mortensen and wife of January 9, 1920, and thereafter recorded, and that said mortgage was released on July 15, 1921, the indebtedness having been paid and discharged.

H. C. Rowley was personally served with summons. He did not appear in the action, and his default was thereafter regularly entered. Service was had upon H. J. Mortensen by publication. He did not appear, and his default was thereafter entered. Benson appeared in his own behalf, and in his answer alleged that the mortgage held by him was to secure an indebtedness owing to him by H. J. Mortensen, and that the mortgage executed by Burton and wife was a renewal of a former mortgage existing against the property at the date Cora L. Mortensen conveyed the legal title to Burton; that it was recited in the mortgage that the same was made in renewal of a former existing indebtedness, and

that in the deed of conveyance from Cora L. Mortensen to
Burton, the grantee therein, Burton assumed as a part of
the consideration the payment of such mortgage and such
mortgage indebtedness; also this defendant denied that any
act of his was an attempt on his part to hinder or defraud
any one, and that the original debt from Mortensen to him
was for money used by Mortensen in the erection of a brick
building located upon said premises.

Burton and his wife appeared personally and filed an an-
swer to the complaint. In this answer these defendants deny
any knowledge of the indebtedness owing by Mortensen to
plaintiff, and allege that they bought the property from Cora
L. Mortensen for a valuable consideration, and upon the
representation of the said Cora L. Mortensen that she had
good title to said property and premises, and relying upon
said representations paid valuable consideration for the prop-
erty and purchased the same for a home; that the considera-
tion was the assuming of the mortgage indebtedness of $2,000
to Benson and executing and delivering to Cora L. Mortensen
their note and mortgage in the sum of $3,000, and the pay-
ment of an additional sum of money to Cora L. Mortensen.
They further allege that the entire transaction, as far as they
were concerned, was bona fide and without any attempt on
their part to hinder, delay, or defraud any one.

Cora L. Mortensen in her answer alleges that on the date
the conveyance was made to her by her husband, to wit, Janu-
ary 26, 1921, she was residing with her husband, and that
she and her husband, with four minor children, resided upon
said premises as a homestead, and had so resided for many
years prior thereto; that said conveyance was not made to
defraud the creditors of H. J. Mortensen, but was based upon
a valid consideration, and that under the homestead laws of
the state of Utah said property was exempt from execution;
that at the time of said conveyance said premises were ex-
empt from the lien of any indebtedness or any judgment
against said H. J. Mortensen, and any proceeds received
from the sale of said premises were likewise exempt from any
lien by reason of any indebtedness on the part of said H. J.

Mortensen or any judgment against him. (It affirmatively appears that plaintiff, at the time of said conveyance, did not have any judgment against the said defendants, or either of them, and in fact, did not institute this action for one year thereafter.)

We have stated at some length the issues made by the pleadings. It seemed advisable to do so, as the best means to intelligently present the allegations that appellant attempted to establish by proof, as well as to set forth the claims of the several respondents. No question was raised in the trial court, by demurrer or otherwise, that the appellant had erroneously joined two causes of action, in that it seeks a personal judgment in law against the makers of the notes, and in the same action a decree in equity against the other or remaining defendants. Neither was there any question raised in the lower court, by demurrer or otherwise, or in this court, that appellant has not exhausted its legal remedies before appealing to a court of equity by action in the nature of a creditor's bill.

At the date of filing the complaint the necessary affidavit and undertaking was filed by appellant to entitle it to a writ of attachment, and a writ of attachment was issued, and the interest of the defendant H. J. Mortensen in the premises in controversy was levied upon and attached under the writ of attachment issued therein. During the presentation of plaintiff's testimony, respondents Burton and Benson were not represented by counsel. At the close of plaintiff's case counsel for respondent Cora L. Mortensen, presumably at the instigation of Burton and Benson, interposed on behalf of all of the respondents a motion for judgment of nonsuit, specifying numerous grounds. That motion was granted, and from the judgments dismissing the action as to respondents Cora L. Mortensen, Joseph F. Burton, Ida Burton, and R. H. Morson this appeal is prosecuted. All of the errors assigned relate to the ruling of the court in sustaining the motion for nonsuit and dismissing the complaint as to the respondents named.

Before considering the merits, it is necessary to consider briefly a motion to dismiss the appeal interposed by respondents. Two grounds are urged for a dismissal of the appeal: (a) That the appeal was not taken within the statutory time, to wit, six months from the date of the final judgment; (b) that appellant failed to serve notice of appeal upon either the defendant H. J. Mortensen or the defendant H. C. Rowley.

The first ground is without merit. It appears that the judgment granting nonsuit and dismissing the complaint against Cora L. Mortensen, Joseph F. Burton, Ida Burton, and R. H. Benson was entered on August 17, 1923. Motion for new trial was thereafter interposed. The filing of that motion suspended the date on which the judgment became final until the motion was determined. The motion was denied November 22, 1924. Notice of appeal was given May 16, 1925. It will thus be seen that the appeal was taken within six months from the date of final judgment.

Respecting the second contention, and that is the one chiefly relied upon: It has been established by a long line of decisions of this court that it is incumbent upon an appellant, in order to give this court jurisdiction, to serve notice of appeal on all parties to an action who might be adversely affected by either an affirmance or reversal of the judgment. Failure to serve any such party is fatal to the jurisdiction of the appellate court. *Griffin* v. *Southern Pac. Co.*, 31 Utah, 296, 87 P. 1091; *Langton L. & C. Co.* v. *Peery*, 48 Utah, 112, 159 P. 49; *Plough* v. *Nelson*, 49 Utah, 35, 161 P. 1134. It is therefore necessary to determine whether Mortensen and Rowley, or either of them, could in any way be adversely affected by either an affirmance or reversal. It is quite evident that Rowley cannot be so affected. He was one of the original makers of the notes, was personally served with summons, and did not appear in the action, and his default was regularly entered and judgment entered against him personally on the notes. This defendant was in no way interested in or connected with the real property which the appellant seeks to have subjected to the satisfaction of its judgment as being the property of H. J. Morten-

sen.  The defendant H. J. Mortensen, as appears from the affidavit for the publication of summons, and elsewhere in the record, is a nonresident of the state of Utah, and it does not appear just where his residence is, other than that there is some testimony that he resides in Los Angeles, Cal.

By the deed of conveyance made to his wife he parted with whatever interest or right he had in the property as against himself; that is, if he conveyed it for the purpose of defrauding his creditors, he would have no redress in any court to repossess or regain that property, and that would be true, even though Burton and Benson were parties to the scheme or plan of committing the fraud alleged in     3 plaintiff's complaint.  Any decree depriving respondents Burton and Benson, or either of them, of their interest in the premises, could only be based upon a finding of the court that they were parties to the scheme to defraud plaintiff, and in the face of such finding neither of these respondents would have any claim or right of action against Mortensen on his warranty deed conveying the premises to his wife. The motion to dismiss the appeal must therefore be denied.

Passing now to the merits:  Among other grounds alleged upon which the motion for nonsuit was based was that appellant was not the real party in interest.  Without setting forth the testimony upon that particular question, it must suffice to say that we are of opinion that the testimony showed sufficient interest on the part of appellant in the notes to authorize it to maintain this action.  The other grounds of the motion were to the effect that there was no showing on the part of appellant that there was not a valid consideration for the conveyance made by H. J. Mortensen to his wife of the premises in question; that there was no showing that Burton and his wife did not purchase the property in good faith and pay a valuable consideration therefor, nor was there any showing that Benson knew of or was party to any fraud, if any fraud existed on the part of Mortensen and his wife, or on the part of Burton.  The trial judge does not indicate in his ruling upon just what ground or grounds he bases his conclusions.

We are of opinion, however, that he was clearly right in granting the motion on the showing made by appellant. The appellant introduced in evidence the notes in question, the deed of conveyance by Mortensen to his wife, the deeds conveying the property from Mrs. Mortensen to Burton, the mortgages executed by Burton and his wife to Benson, and the one to Mrs. Mortensen. It clearly appears that, prior to the conveyance by Mortensen to his wife, they jointly, on January 9, 1920, gave a mortgage to Benson to secure the payment of a note of $2,000. There is not a scintilla of evidence in the record that Mortensen was not then indebted to Benson in that amount. On the contrary, the appellant in its complaint alleges that they were so indebted, but alleges that the indebtedness had been paid and released. There is no evidence of payment of the indebtedness due Benson, unless it be the release of the mortgage. The mortgage given by Burton to Benson recited that it was a renewal mortgage, and was to secure the former indebtedness owing to Benson by Mortenson. There is not any evidence that Burton knew of any scheme or device to defraud plaintiff, or other creditors, if such scheme or device existed between Mortensen and his wife. From appellant's own testimony it affirmatively appears that Burton, in the deed of conveyance to him from Mrs. Mortensen, assumed and agreed, as part of the consideration for the conveyance, to pay the indebtedness then existing against the property in favor of Benson.

In addition, Burton executed and gave to Mrs. Mortensen a mortgage for $3,000 as part payment of the purchase price, and he alleges in his answer that he paid in addition thereto some money, and that he bought the same for a home on representation of Mrs. Mortensen that she had a good and valid title to the property and was entitled to sell the same, and that in every way he acted in good faith. Nothing is shown by appellant to rebut that claim on the part of respondent Burton, or to prove a contrary state of facts. So far as it appears from this record, the mortgage given by Burton to Mrs. Mortensen is an outstanding obligation, not only against Burton personally, but against the property

which was conveyed to him. It nowhere appears that Mrs. Mortensen is still the owner of that mortgage, and that it has not passed into the hands of an innocent purchaser.

The arguments of appellant's counsel are apparently bottomed upon the claim or contention that solely by reason of the fact that Mrs. Mortensen knew of the indebtedness of her husband to the bank, and the additional claim on the part of appellant that Burton was cognizant of such indebtedness, that the transaction respecting this real property was fraudulent and void, and that by reason of such knowledge a scheme or device to defraud appellant and deprive it of the right to subject the property to the payment of its indebtedness was established. Such is not the law, and such inferences do not follow, in the absence of some showing of a fiduciary relation existing between Burton and Mortensen, or some other relationship from which fraud may be reasonably inferred. There is no proof in the record that Burton had knowledge of the fact of the indebtedness at the time he purchased. So far as this record discloses, Burton was a stranger to Mortensen, and the only inference deducible is that his contractual relationship with Mrs. Mortensen was that of a stranger except that he became the purchaser of the property in controversy.

Counsel for appellant has not favored the court with citations of any authorities, either in the cases or from the textwriters, to support his claim or contention upon which he seeks a reversal of the judgment. We can therefore reasonably assume that counsel was unable to find any authority supporting his argument.

As we read this record, it is unnecessary to consider the claim of respondent Cora L. Mortensen that she is entitled to claim exemption by reason of the premises being a homestead. We are of opinion, and so hold, that the court did not err in granting the nonsuit, nor in dismissing the complaint against respondents.

The judgment is accordingly affirmed, with costs.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.